Joseph A. Cox, S.
This application to revoke letters of administration issued to the decedent’s husband is made on the ground that the decedent was not domiciled in New York County and on the further ground that the husband failed to support the decedent and is deprived of a distributive share of her estate by operation of section 87 of the Decedent Estate Law. The *203 evidence clearly established that the intestate was a resident of this county at the time she entered a hospital, that thereafter she was removed from this county solely for the purpose of medical treatment and care and that during such period she did not possess sufficient mental capacity to effectuate a change of domicile. The court holds that the intestate was a resident of New York County at her death (Matter of Ferris, 286 App. Div. 631).
The evidence further established that during the entire period of the decedent’s illness the respondent failed to provide support for her, that, except for a minor contribution to the hospital bill, he avoided his marital obligations in this respect and during the decedent’s illness which culminated in her death he neglected to provide support for her. It was further established that the respondent’s disclaimer of financial ability to support his wife was grossly false. Accordingly, it is held that the conduct of the respondent deprived him of a distributive share of the estate and the letters of administration issued to him are revoked.
Submit decree, on notice, revoking letters of administration and directing the filing of an account within 30 days from the date of the decree.